(140 App. Div. 304.)

## MILLER v. DOUGLAS.

(Supreme Court, Appellate Division, First Department. October 21, 1910.)

COURTS (§ 148*)—JURISDICTION.

An order on litigated motion placing a cause on the special calendar for trial under Special Rules of First Department for Regulation of Trial Terms of the Supreme Court in the First Judicial District, Rule 5, subd. 2, is not subject to review or reversal by another justice sitting in the same part of the court, being reviewable, if at all, by the Appellate Division.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 148.*]

Appeal from Trial Term, New York County.

Action by Isaac N. Miller against Robert D. Douglas. From an order refusing to restore the cause to the special calendar for trial, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Jacob Landy, for appellant.

Charles H. Tuttle (Julien T. Davies and Herbert Barry, on the brief), for respondent.

PER CURIAM. At the first term at which this cause was placed upon the general calendar upon five days' notice to the defendant, and upon proof of the facts upon which the cause of action was based, the plaintiff applied to the justice holding Part 2 of the Trial Term for an order placing said cause upon the special calendar for trial, under subdivision 2 of rule 5 of the special rules of the First department for the regulation of the Trial Terms of the Supreme Court in the First judicial district, and to regulate the calendar practice therein. Said motion was opposed, but was granted by the court. Thereafter the defendant moved for reargument, which was duly had; but upon the reargument the court confirmed its previous action and by order entered March 8, 1910, the case was placed upon the special calendar, Part 2, Trial Term, for trial. It subsequently appeared upon the day calendar in said part and was for a number of days answered ready by both sides. A jury was finally impaneled, and counsel for the plaintiff made the opening address to the jury. Thereupon the justice then presiding at said Trial Term, Part 2, struck the case from the special calendar for trial and ordered it restored to the general calendar. Thereafter the plaintiff made a motion before said justice to restore the cause to the special calendar for trial, which having been denied, plaintiff appeals.

The cause was not put upon the special calendar for trial on the ground that it was a short cause and could be tried within two hours, but upon the grounds set forth in the subdivision of the rule hereinbefore alluded to, upon a litigated motion after reargument and upon due deliberation by the justice presiding at the said Trial Term Part when the motion was made. The order so made was not subject to review or reversal by another justice subsequently sitting in the same

part of the court. It was a court order and could only be reviewed, if at all, by the Appellate Division.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to restore the cause to the special calendar at Trial Term, Part 2, for trial, should be granted, with $10 costs.

--------------

(140 App. Div. 287.)

## NETTER v. TRENTON WHISK BROOM WORKS.

(Supreme Court, Appellate Division, First Department. October 21, 1910.)

1. SALES (§ 384*)—BUYER'S BREACH OF CONTRACT—MEASURE OF DAMAGES.

The measure of damages for a buyer's nonacceptance of merchandise bought is the difference between the contract price and market price at the time and place of the refusal to accept.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1098–1107; Dec. Dig. § 384.*]

2. ATTACHMENT (§ 107*)—AFFIDAVIT—SUFFICIENCY.

Under the rule that, to support an attachment for unliquidated damages, the facts must be alleged from which the court can estimate the amount of the damages, an affidavit for an attachment for damages for a buyer's nonacceptance of merchandise bought, which states the contract price, but which does not state the market price, is insufficient, though it states in round figures the damages claimed.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 285–289; Dec. Dig. § 107.*]

3. ATTACHMENT (§ 228*)—AFFIDAVITS—CAUSES OF ACTION.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 783–784; Dec. Dig. § 228.*]

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.